IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

v.                              Case No. 2:19-cr-196

Shahiydullah A. Binraymond
aka "Raymond Walker III"

OPINION AND ORDER

By judgment entered on March 19, 2020, defendant was sentenced to a term of incarceration of thirty months on Count 1 of an information charging him with being a felon in possession of a firearm.  On April 29, 2020, defendant filed a motion for compassionate release requesting a reduction of his sentence under 18 U.S.C. §3582(c)(1)(A) due to the COVID-19 epidemic.  Defendant, who is currently detained at the Butler County Jail, seeks early termination of his prison sentence, and suggests that he be placed on home confinement.  The government has filed a response in opposition to the motion.

Under 18 U.S.C. §3582(c)(1)(A), as modified by the First Step Act of 2018, the court may reduce a sentence of imprisonment upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of a defendant after that defendant has fully exhausted all administrative rights to appeal a failure of the BOP to file such a motion on a defendant's behalf.  The government acknowledges that defendant remains at a local detention facility and that the BOP will not act upon requests for compassionate release from inmates who are not yet in BOP custody.  Based on these circumstances, the government agrees that defendant's request is properly before the court on the merits.  Doc. 46, p. 4 (citing United States v. Hernandez, No. 19 CR. 834-04, 2020 WL 1684062, at *2 (S.D.N.Y. Apr.

2, 2020)).

If the defendant's administrative remedies have been exhausted, the court can reduce a sentence under that provision based on a showing of extraordinary and compelling reasons. §3582(c)(1)(A)(i). If the court finds that extraordinary and compelling reasons for a sentence reduction have been shown, the court, after considering the factors set forth in 18 U.S.C. §3553(a), may reduce the term of imprisonment and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment. §3582(c)(1)(A).

The statutory sentencing factors set forth in §3553(a) include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>>> (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code,....

* * *

2

(5) any pertinent policy statement—
    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code....

* * *

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a).

The Sentencing Commission has issued a policy statement regarding the reduction of a term of imprisonment under §3582(c)(1)(A). See United States Sentencing Guidelines ("U.S.S.G.") §1B1.13. Under §1B1.13, a reduction may be ordered if extraordinary and compelling reasons warrant a reduction, the defendant is not a danger to the safety of any other person or to the community, and the reduction is consistent with the policy statement. §1B1.13(1)(A), (2) and (3).

Under Application Note 1 to §1B1.13, extraordinary and compelling reasons exist where: (A) the defendant is suffering from a terminal illness or a serious physical or medical condition that substantially diminishes the defendant's ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover; (B) the defendant is at least sixty-five years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of his sentence, whichever is less; (C) certain family circumstances involving the death of a caregiver; and (D) other reasons as determined by the Director of the Bureau of Prisons. As the Guidelines have not been

3

amended since the enactment of the First Step Act, some courts have concluded that district courts also have the authority under subsection (D) to determine if other extraordinary and compelling reasons exist.  See, e.g., United States v. Cantu, No. 1:05-CR-4584, 2019 WL 2498923, at *5 (S.D.Tex. June 17, 2019).

Defendant does not contend that he suffers from a terminal illness or serious medical condition.  The presentence investigation report in this case indicates that defendant did not report any health conditions to the probation officer and stated that he was not under the care of a physician and takes no prescription medication.  The only medical condition he now claims to have is high blood pressure, a condition which does not place him in a high-risk category for contracting COVID-19.  Defendant is forty-seven years old.  He does not rely on family circumstances.  Rather, he alleges that there have been COVID-19 cases at the Butler County Jail.  In response, the government cites a news report which indicates that there has been one detainee at the jail who tested positive, and that this individual and his cellmate were immediately removed from the facility.  The same article reported that the jail had responded to the COVID-19 crisis by reducing the jail population by over twenty-five percent and by suspending visitations except by attorneys.  Doc. 46, p. 7.  Defendant has produced no evidence indicating that the jail is not equipped to adequately address problems arising due to COVID-19.  Defendant has failed to show that COVID-19 poses a particular risk to him sufficient to constitute extraordinary and compelling circumstances.

The statutory sentencing factors in §3553(a) also weigh

against a reduction in defendant's sentence.  Defendant was convicted of a serious offense.  The guideline sentencing range for the offense of conviction was forty-six to fifty-seven months. This court rejected the first plea agreement signed by the parties, concluding that the agreed binding sentence of fifteen months was inadequate to address the statutory sentencing factors.  Defendant has now served less than nine months of his thirty-month sentence. As the government notes, defendant has a lengthy criminal history going back to his juvenile years.  His juvenile convictions include burglary, receiving stolen property (two convictions) and aggravated trafficking in drugs.  His adult convictions include forgery and receiving stole property, armed bank robbery and the use of a firearm during a crime of violence, theft by deception, passing bad checks and a prior conviction for being a felon in possession of a firearm.  The reduced sentence sought by defendant would not be sufficient to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant.

Factors for determining whether a defendant's release will post a danger to the community include: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the person's release.  18 U.S.C. §3142(g).  Following defendant's arrest, the magistrate judge entered an order of detention, concluding that no conditions or combination of conditions would assure the

5

defendant's appearance and the safety of any other person and the community.  Doc. 9, p. 2.  The magistrate judge cited the strong weight of the evidence against defendant, the lengthy period of incarceration possible, defendant's prior criminal history, his participation in criminal activity while on probation, parole, or supervision, his history of the use of weapons, his history of substance abuse (alcohol and marijuana), his lack of stable employment, his prior failure to appear in court as ordered, and prior violations of supervised release.  Doc. 9, pp. 2-3.  The court agrees with the conclusions of the magistrate judge.  The court's own analysis of the §3142(g) factors leads the court to conclude that defendant's early release under §3582(c)(1)(A) would pose a danger to the community.

In accordance with the foregoing, defendant's motion (Doc. 44) for compassionate release is denied.


Date: May 4, 2020          _____s/James L. Graham_____
                           James L. Graham
                           United States District Judge